# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

The Trustees of the Minnesota Ceramic Tile and Allied Trades Retirement Fund; the Trustees of the Minnesota Ceramic Tile and Allied Trades Promotion Trust Fund; the Trustees of the Twin City Bricklayers Health and Welfare Fund; the Trustees of the Twin City Bricklayers Vacation Fund; and the Trustees of the Minnesota Bricklayers Apprenticeship Fund,

Civil File No. 01-1699 PAM/JGL

Plaintiffs,

vs.

Tovey Tile Company, a Minnesota corporation, d/b/a Tovey Tile, Installations Company; and Scott M. Tovey,

Defendants.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

______________________________, appeared for Defendants.

This matter came on for hearing before the Court on December 14, 2001, on Plaintiffs' motion for entry of Defendants' default, for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendants were served with the Summons and Complaint in the present action on September 22, 2001.

2. That Defendants are neither infants nor incompetent person.

3. That Defendants have failed to Answer, or otherwise defend, and are in default.

FILED DEC 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 14 2001
DEPUTY CLERK

4. Defendants are signatory to an Independent Agreement, which binds Defendants to the Agreement between the Minnesota Tile Contractors Association and the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota (Tile Layers and Finishers, Chapter 18).

5. Pursuant to the above-referenced Agreement, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of

7. That Plaintiffs face irreparable harm from Defendants' delinquency because they have a continuing obligation to provide benefits regardless of whether Defendants submit the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Defendants resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Agreement, and ERISA.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs' motion for entry of Defendants' default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendants will not be harmed by the

issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendants are in default, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees, attorney fees, and costs in the amount of $209.00.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Defendants' books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendants, jointly and severally, in the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 14, 2001

Paul A. Magnuson
United States District Judge